UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE CRUZ ALONZO,

        Petitioner,        Case No. 1:14-cv-946

v.        Honorable Janet T. Neff

SHERRY BURT,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition and because Petitioner has filed a motion to stay, the Court will not dismiss the action at this time. Petitioner's motion to stay sufficiently satisfies the requirements set forth in *Rhines v. Weber*, 544 U.S. 269, 277 (2005), thus

the Court will stay this action pending Petitioner's complying with the further directions of this Court set forth in the attached order.

## Discussion

I. Factual allegations

Petitioner Jose Cruz Alonzo presently is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility. Following conviction by guilty plea in the Kent County Circuit Court, Petitioner was convicted of two counts of assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84, and one count of felony firearms, MICH. COMP. LAWS § 750.227b. Petitioner was sentenced as a fourth-offense habitual offender, MICH. COMP. LAWS § 769.12, to 7 to 35 years imprisonment for each assault conviction and 2 years for the felony-firearms conviction.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals raising the following grounds for relief (verbatim):

> I. DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE VI AND XIV AM. OF THE U.S. CONST., MICH. CONST. 1964, ART. I, §2, 17, WHEN COUNSEL FAILED TO INVESTIGATE THE CLAIM OF PAROLE STATUS, FAILED TO OBJECT THE SCORING OF PRV 6, FAILED TO REQUEST AN EVIDENTIARY HEARING TO PROPERLY CHALLENGE THE INFORMATION PRV 6 WAS BASED ON, WHICH VIOLATED DEFENDANT'S RIGHT TO DUE PROCESS WHEN SENTENCE WAS BASED IN PART ON INACCURATE INFORMATION.
>
> II. DEFENDANT'S DUE PROCESS RIGHTS WERE VIOLATED WHEN THE PLEA AGREEMENT WAS BREACHED BY THE COURT AND PROSECUTOR WHEN THE AGREEMENT AT PLEA HEARING WAS THAT THE SENTENCE WOULD BE AS TO WHERE DEFENDANT'S OV AND PRV SCORES FELL AT IN THE SUPP 4 RANGE, AND COUNSEL WAS INEFFECTIVE

     FOR FAILING TO OBJECT TO THE BREACHING OF THAT AGREEMENT AT SENTENCING.

 III. MICHIGAN'S CURRENT INTERPRETATION OF THE FOURTH HABITUAL OFFENDER LAW VIOLATED THE VIII AM. OF THE U.S. CONST. AND ALLOWS FOR UNFETTERED ABUSE OF DISCRETION BY THE COURTS AND PROSECUTORS, AND MCL 769.12 AND MCL 777.57 ARE IN PARA MATERIA.

 IV. DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHEN COUNSEL FAILED TO RAISE THE MOST SIGNIFICANT AND OBVIOUS ISSUES THAT ARE NOW BEING PRESENTED IN THIS BRIEF, ALSO FAILED TO INVESTIGATE DEFENDANT'S PAROLE STATUS CLAIM, FAILED TO SUBMIT DEFENDANT'S PRO PER SUPPLEMENTAL BRIEF AFTER HAVING FILED A LATE APPLICATION FOR LEAVE TO APPEAL WHICH ONLY INCLUDED COUNSEL'S OWN BRIEF, THUS ALLOWED FOR THE COURT OF APPEALS TO ISSUE A DECISION BEFORE THE 84 DAY TIME LIMIT, IN VIOLATION OF U.S. CONST. AMS. V, VI, XIV, AND MCR-ADMINISTRATIVE ORDER 2004-6(4).

(Pet., docket #1, Page ID#27.)

  The court of appeals denied Petitioner's delayed application on July 12, 2011. Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same grounds he had raised in the court of appeals. The Michigan Supreme Court denied leave to appeal on January 30, 2012.

  Petitioner filed a motion for relief from judgment pursuant to MICH. CT. R. 6.500 *et seq.* in the Kent County Circuit Court raising the same four grounds for relief. Petitioner's motion was denied on February 15, 2013. Petitioner appealed the denial of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, which denied Petitioner's applications for leave to appeal on December 27, 2103 and July 29, 2014, respectively.

Petitioner now raises the same four grounds for relief and one additional unexhausted claim for ineffective assistance of trial counsel.

## II. Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Concurrently with his petition for writ of habeas corpus, Petitioner filed a motion to hold the petition in abeyance pending exhaustion of a new, unexhausted claim of ineffective assistance of trial counsel. In his motion, Petitioner avers that this new claim is based on Petitioner's

recent discovery of evidence that his trial counsel was under the influence of potent narcotics at the time he represented Petitioner.[1] Consequently, it is clear that this claim has not been exhausted.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has already filed his one allotted motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). However, MICH. CT. R. 6.502 permits Petitioner to " file a second or subsequent motion based on . . . a claim of new evidence that was not discovered before the first such motion." *Id.* at 6.502(G)(2). In such instances, the state court clerk shall refer the motion "to the judge to whom the case is assigned for determination whether the motion is within one of the exceptions." *Id.* Therefore, because Petitioner relies on the newly discovered evidence exception provided in MICH. CT. R. 6.502(G)(2), the Court concludes that Petitioner may have an available state remedy. In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Kent County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to

---

[1] In support of this new claim Petitioner attaches a copy of an unpublished Michigan Court of Appeals decision in *People v. Waters*, Case No. 313878, 2013 WL 5951754 (Mich. Ct. App. Nov. 7, 2013). Waters was Petitioner 's trial counsel. According to the decision, Waters was convicted of conspiracy to deliver and delivery of a Schedule III controlled substance. *See id.* at *1. During Waters criminal trial, witness testimony revealed that Waters was taking payment by cocaine and small amounts of cash for delivering heroin to an inmate in the Kent County Jail.

exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

      Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on January 30, 2012. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on April 30, 2012. Accordingly, Petitioner had one year, until April 30, 2013, in which to file his habeas petition. However, on January 18, 2013, Petitioner filed a motion for relief from judgment, which stopped the statute of limitations from running with 102 days

remaining. The Michigan Supreme Court denied Petitioner's application to appeal the denial of his motion on July 29, 2014. Thus, Petitioner had 102 days from July 29, 2014, until November 10, 2014, to file his petition. Petitioner timely filed the instant petition September 10, 2014, 61 days before expiration of the limitations period.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[2] However, because of time spent docketing and processing Petitioner's case, Petitioner currently has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines*, 544 U.S. at 277. In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the

---

[2]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

As previously noted, Petitioner filed a motion to hold the petition in abeyance at the same time he filed the petition. In his motion, Petitioner avers that he only recently learned of the facts supporting his new ineffective assistance of trial counsel claim and that he is in the process of obtaining affidavits from the individuals who have first hand knowledge of his trial counsel's drug use during the time counsel represented Petitioner. Petitioner requests a stay of this action to exhaust his unexhausted claim in the state court.

The Court concludes that Petitioner has sufficiently satisfied the requirements set forth in *Rhines*. Accordingly, Petitioner's motion to hold petition in abeyance (docket #3) will be granted.

An Order consistent with this Opinion will be entered.


Dated: __October 9, 2014__         /s/ Janet T. Neff
                                   Janet T. Neff
                                   United States District Judge